UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BRET L. LUSSKIN, JR., individually,

    Plaintiff,

v.

DEPARTMENT STORES NATIONAL BANK,
a national bank, and
OMNI CREDIT SERVICES OF FLORIDA, INC.,
a Florida corporation,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## VIOLATIONS OF THE TCPA, FDCPA, AND FCCPA
## JURY DEMAND

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA"), the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367 as well as 15 U.S.C. § 1692 *et seq.* and 47 U.S.C § 227, *et seq*.  Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls into this District.

## PARTIES

3. Plaintiff, BRET L. LUSSKIN, JR., is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Department Stores National Bank ("DSNB") is a national bank and credit card issuer for Visa and retail private label accounts, such as Macy's, Inc. (formerly known as Federated Department Stores, Inc.). Cards issued by DSNB bear the marks of Macy's, Inc. store brands such as Bloomingdale's and Macy's. Upon information and belief, DSNB is a corporate citizen of South Dakota.

5. Defendant, OMNI CREDIT SERVICES OF FLORIDA, INC., is a Florida corporation and registered "Consumer Collection Agency" pursuant to Florida Statutes § 559.553, which works from offices located at 4710 Eisenhower Blvd., Suite B3, Tampa, Florida 33634.

6. Defendant OMNI regularly uses the mail and telephone in a business the principal purpose of which is the collection of defaulted upon consumer credit card debts.

7. Defendants regularly attempts to collect consumer credit card debts by utilizing a high-volume telephone dialing system, which upon information and belief makes use of a predictive dialer.

8. Defendant OMNI regularly collects or attempts to collect debts for other parties. OMNI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. At all times material to the allegations of this complaint, Defendant OMNI was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendants sought to collect an alleged consumer debt by placing dozens if not hundreds of unlawful calls to Plaintiff's cellular telephone.

11. The debt at issue was allegedly incurred to a Macy's department store; Plaintiff had purchased household goods at Macy's on a DSNB credit card.

12. At some time in 2011, a dispute arose as to the balance owed on the subject account.

13. Defendant DSNB began to place calls to Plaintiff's cellular telephone using a predictive dialer on or about July 2011.

14. A predictive dialer is considered an automatic telephone dialing system ("ATDS") pursuant to FCC rulings. *See generally, Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

15. All calls at issue were placed by an ATDS and presumably in conjunction with interactive voice recognition ("IVR") technology. These types of communications are often referred to as "robocalls."

16. Both DSNB and OMNI first place calls with the assistance of a predictive dialer. Once a call is answered the IVR technology attempts to detect a human voice. If a voice is detected, the call is then transferred to a live operator - except on those occasions wherein there are not enough operators available. When that happens, a consumer simply hears "dead air" when they answer the phone.

17. Annoyed by the constant calls to his cell phone, Plaintiff sent Defendant a written request to stop calling him on or about August 23, 2011.

18. A copy of the aforesaid request is attached hereto as "Exhibit A."

19. To the extent that there was ever any consent for Defendant DSNB to call Plaintiff, it was revoked by direct, written revocation from Plaintiff – <u>on three occasions</u>.

20. Undeterred by Plaintiff's written request, Defendant DSNB continued to place unlawful calls to Plaintiff's cellular telephone.

21. Plaintiff sent Defendant a second written request to stop calling him on or about October 20, 2011.

22. A copy of the aforesaid second request is attached hereto as "Exhibit B."

23. Defendant DSNB refused to pay heed to Plaintiff's second written request and continued its barrage of illegal robocalls to Plaintiff.

24. Plaintiff sent Defendant a third written request to stop calling him on or about November 1, 2011.

25. A copy of the aforesaid third request is attached hereto as "Exhibit C."

26. Defendants DSNB continued to call Plaintiff over the past year in violation of Plaintiff's third revocation of consent. DSNB then assigned the account to OMNI.

27. Defendant OMNI began to place illegal robocalls to Plaintiff. Upon information and belief, these calls from OMNI began on or about September 2012. Plaintiff's caller id shows that the calls at issue came from 800-670-9944, 888-401-9025, as well as other telephone numbers associated with OMNI.

28. At wit's end, Plaintiff has filed the instant lawsuit to prevent Defendants' further intrusions upon his privacy.

29. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

30. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
(All Defendants)

31. Plaintiff incorporates Paragraphs 1 through 30.

32. Defendants DSNB and OMNI placed telephone calls to Plaintiff's cellular telephone using a device which had the capacity to be utilized as an automatic telephone dialing system and/or which contained a prerecorded message and/or an artificial voice.

33. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants DSNB and OMNI for:

    a. Statutory damages at $500 dollars per call;

    b. Willful or knowing damages at $1500 dollars per call;

    c. An injunction requiring Defendants to cease all communications with Plaintiff in violation of the TCPA;

    d. Reasonable costs; and

    e. Such further relief as this Court may deem appropriate.

## COUNT II
## TELEPHONIC HARRASSMENT IN VIOLATION OF 15 U.S.C. § 1692d
(Defendant OMNI only)

34. Plaintiff incorporates Paragraphs 1 through 30.

35. Defendant OMNI called Plaintiff's cellular telephone using an auto-dialer and without the prior express consent of the Plaintiff. These actions were in violation of the TCPA and further violated Plaintiff's rights pursuant to 15 U.S.C.

§ 1692d and 15 U.S.C. § 1692d(5).  *See Clark v. Weltman, Weinberg & Reis, Co.*, L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (stating that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant OMNI for:

      a.    Damages, both statutory and actual;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## **COUNT III**
## **VIOLATION OF THE FLORIDA**
## **CONSUMER COLLLECTION PRACTICES ACT**
(Defendant DSNB only)

36.    Plaintiff incorporates Paragraphs 1 through 30.

37.    Pursuant to Florida law, Plaintiff seeks a declaration that Defendant DSNB's practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to *[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*

7

38. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

39. Plaintiff seeks a permanent injunction prohibiting Defendant DSNB and any other party from calling Plaintiff regarding the alleged debt.

40. Plaintiff is also entitled to recover statutory damages and/or actual damages pursuant to the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant DSNB for

    a. Declaring that Defendant DSNB's practices are in violation of the FCCPA.

    b. Permanently enjoining Defendant DSNB and any other parties from calling Plaintiff regarding the alleged debt;

    c. Damages, both statutory and actual;

    d. Attorney's fees, litigation expenses and costs of suit; and

    e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 4th day of November, 2012.

>SCOTT D. OWENS, ESQ.
>*Attorney for Plaintiff*
>664 E. Hallandale Beach Boulevard
>Hallandale, Florida 33009
>Telephone: 954.589.0588
>Facsimile: 954.337.0666
>scott@scottdowens.com
>
>By: /s/*Scott D. Owens*
>Scott D. Owens, Esq.
>Florida Bar No. 0597651